[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DISPOSITION OF PRESENTMENT FOR MISCONDUCT
On July 3, 2002, this court found, pursuant to Practice Book §2-47, that the respondent, Otto P. Witt, engaged in misconduct outside the presence of the court involving his professional standing and conduct. Specifically, after an evidentiary hearing, the court found that the petitioner established by clear and convincing evidence that Wiff violated Rules of Professional Conduct 1.1 and 1.3. The case was thereafter scheduled for a hearing on July 29, 2002, to determine an appropriate disposition in light of the "American Bar Association Standards for Imposing Lawyer Sanctions" (ABA Standards).
Practice Book § 2-41(e) states in relevant part that "[t]he sole issue to be determined in the presentment proceeding shall be the extent of the final discipline to be imposed. . . ." While they have not been officially adopted as rules by the Judges of the Superior Court, the ABA Standards have frequently been used in determining the appropriate discipline for violations of the Rules of Professional Conduct. Our Supreme Court recently noted their usefulness in Statewide GrievanceCommittee v. Spirer, 247 Conn. 762, 782, 725 A.2d 948 (1999). See alsoStatewide Grievance Committee v. Shluger, 230 Conn. 668, 673 n. 10, CT Page 10380646 A.2d 781 (1994). Section 3.0 of the ABA Standards states that "[i]n imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors: (a) the duty violated; (b) the lawyer's mental state; and (c) the actual or potential injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors." Section 9.0 of the ABA Standards states that "[a]fter misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose."[1]
Although the petitioner claims the existence of at least four aggravating factors,[2] the court finds that two of them, prior disciplinary offenses and substantial experience in the practice of law, are of particular concern. The committee presented evidence of seven prior matters that resulted in discipline which were accepted into evidence as Exhibits 5 through 11. Six of the seven resulted in reprimands by the Statewide Grievance Committee and one consisted of sanctions imposed by the Appellate Court in the form of suspension of practice before that court for six months and a $100 fine. The six reprimands all occurred since 1996, although the conduct in question dates back to 1994. Two of the reprimands imposed were based on circumstances and violations similar to the one presently before the court. See Petitioner's Exhibit 6 and 7. Attorney Witt has been admitted to the practice of law in Connecticut since December 21, 1981.
In mitigation of his conduct, the respondent claims that he made a good faith effort to rectify his misconduct by retaining and disclosing an expert albeit at the eleventh hour, and argued vigorously in opposition to the motion to preclude that precipitated the withdrawal of the case. The court rejects the claim in mitigation that Stephen Battista may have lost his case anyway. The fact is that, because of the failure of the respondent to represent him diligently and competently, Battista lost his right to litigate his claim and must suffer the fate of never knowing how the case would have turned out if it were tried on the merits.
In the absence of the foregoing history, the matter of discipline in this case would be a fairly straightforward one that would result in a reprimand. However, the fact that Attorney Witt has been a member of the bar for over twenty years and has a substantial history of recent discipline compels the court to order a period of suspension.
"`An attorney as an officer of the court in the administration of justice, is continually accountable to it for the manner in which he exercises the privilege which has been accorded him. His admission is upon the implied condition that his continued enjoyment of the right conferred is dependent upon his remaining a fit and safe person to exercise it, so that when he, by misconduct in any capacity, discloses CT Page 10381 that he has become or is an unfit or unsafe person to be entrusted with the responsibilities and obligations of an attorney, his right to continue in the enjoyment of his professional privilege may and ought to be declared forfeited. . . . Therefore, [i]f a court disciplines an attorney, it does so not to mete out punishment to an offender, but [so] that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession.'" (Emphasis in original.) Doe v. Statewide Grievance Committee,240 Conn. 671, 684, 694 A.2d 1218 (1997), quoting Massameno v. StatewideGrievance Committee, 234 Conn. 539, 554-55, 663 A.2d 317 (1995).
The petitioner seeks a minimum suspension of six months with the additional requirement that the respondent take and pass the Multistate Professional Responsibility Examination (MPRE) which is given August, November and March, prior to reinstatement. The court concludes that six months is excessive. Instead, the court finds that a three-month suspension is warranted and that the respondent shall be required to apply for reinstatement in accordance with Practice Book § 2-53, and to demonstrate that he has successfully passed the MPRE during the period of suspension. The time has come for the respondent to conduct himself as our professional standards require if he is to remain an active member of the bar.
The respondent informs the court that he is scheduled to commence a trial in October 2002, in the Litchfield Judicial District. Assuming that the respondent files proof of that trial date with the court, the suspension shall commence November 1, 2002 and conclude on January 31, 2003. This period of suspension will allow the respondent to complete his trial and take and pass the November 8, 2002 MPRE. The court also orders the respondent to notify his client in the case scheduled for trial that he is subject to a three-month suspension order commencing November 1, 2002, and provide proof of that notification to Statewide Bar Counsel. The respondent is further ordered to notify orally prospective clients between the date that notice of this suspension order is received and November 1, 2002, that he is subject to a three-month suspension order commencing November 1, 2002. Statewide Bar Counsel is to report to the court within fourteen days as to the necessity of appointing an attorney to protect the interests of respondent's clients pursuant to Practice Book § 2-64 during the period of suspension.
 _____________ Peck, J.